# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

THOMAS EASTEP,

    Plaintiff,

v.

JAMES EARL NEWMAN *et al*,

    Defendants.

Case No.: 1:12-cv-102 (WLS)

## ORDER

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 23.) For the reasons that follow, Defendants' Motion is **DENIED**.

## PROCEDURAL and FACTUAL BACKGROUND

This is a personal injury case arising out of a railroad-crossing collision in Cordele, Georgia. Plaintiff Thomas Eastep, a former train conductor, claims Defendant James Earl Newman, a truck driver, negligently failed to yield to Eastep's train at a crossing. Eastep alleges the ensuing collision injured him. Defendant Schwend owned Newman's truck and Defendant State National Insurance Company insured it.

The instant dispute involves the Court's subject matter jurisdiction. Defendants claim the Court lacks jurisdiction for two reasons. First, they argue the complaint failed to allege the Parties' citizenship and the amount in controversy. Accordingly, per Defendants, the Court lacks jurisdiction from the face of the complaint. Second, as a factual matter, Eastep and Schwend are citizens of Florida. Because Defendants assert the Parties are not completely diverse, they argue the Court must dismiss the lawsuit.

Eastep responded in two ways. On March 25, 2013, with the Court's leave, Eastep filed an amended complaint that sought to clarify diversity jurisdiction. (D0c.

1

33.) The amended complaint alleges Eastep is a domiciled in Georgia, State National Insurance in Texas, and Newman and Schwend in Florida. (*Id.*) Eastep also filed a response to the factual arguments in Defendants' motion to dismiss. (Doc. 34.) He submits that, although he traveled often to Florida around the time of the incident, he and his wife rented and furnished a home in Fitzgerald, Georgia; paid utilities and Georgia taxes; attended church in Georgia; and changed his union membership to a Georgia.

As a matter of procedure, courts ordinarily assess subject matter jurisdiction on motions to dismiss. *See Lozman v. City of Riviera Beach*, --- F.3d ---, No. 11-15448, 2013 WL 1285868, at *12 n.2 (11th Cir. Apr. 1, 2013). The Parties have followed that procedure and each has had opportunity to submit evidence in support of their arguments. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (noting that courts may consider extrinsic evidence on motions to dismiss for lack of subject matter jurisdiction). In summary, the evidence shows that in 2009, Eastep moved from Jacksonville, Florida, to Fitzgerald, Georgia, at the request of his employer, CSX. (Doc. 23-2 at 12, 40–41.) Prior to his transfer, Eastep lived in a Florida townhouse with his wife. (*Id.* at 15–16.) Before that, he lived in a four-bedroom house with his parents in Orange Park, Florida. (*Id.* at 13.)

Eastep claims he intends to remain in Fitzgerald. (Doc. 34-2 ¶¶ 19—20.) At the time he filed the complaint, Eastep rented a house in Fitzgerald with his wife. (*Id.* ¶ 8.) During the incident, he was a member of the Fitzgerald, Georgia branch of his union. (*Id.* ¶ 4.) He opened a checking account with Colony Bank. (*Id.* ¶ 14.) To Eastep's knowledge, Colony Bank primarily operates in middle and south Georgia; they do not have branches in Florida. (*Id.*) Additionally, Eastep pays his utilities in Georgia and listed his Georgia address on his 2009 and 2010 tax returns. (Doc. 34-2 ¶ 16; Doc. 34-2,

Exs. B, C.) He notes he does not own property in Florida. (Doc. 34-2 ¶ 5.) When he moved in 2009, he could not pay the mortgage on his townhouse, and the bank foreclosed on it. (Doc. 34-2 ¶ 5; Doc. 34-3.) Additionally, although he visits Florida often and stashes some belongings in his parents' garage, he does not have a permanent place to stay there. (Doc. 34-1 ¶¶ 14, 17; Doc. 34-2 ¶¶ 12, 13, 17.) During his visits, he packs a bag of clothing and sleeps in his father's bed or, when his sister is away, in hers. (Doc. 34-1 ¶ 14.)

Eastep has also offered an affidavit from his father, Kenneth Eastep. (Doc. 34-11.) His father claims his son neither lives in Florida nor has a permanent place to stay there. He visits often, as do all of Kenneth Eastep's children. Since the incident, Kenneth Eastep has offered to let his son move back in, but, in reality, the family does not have space for him. (*Id.* ¶ 15.) All of the bedrooms in the Eastep home are occupied by other family members. (*Id.* ¶ 16.)

At the same time, Eastep has kept ties to Florida. He drives back and forth. (Doc. 23-2 at 27.) Since 2009, he has had a Florida driver's license and had it renewed in Florida. (*Id.* at 26.) Additionally, Eastep bought a car in Florida and transferred the Florida registration to himself. (*Id.* at 25–26.) His two primary doctors are in Florida, requiring him to drive hours for frequent medical visits. (*Id.* at 128–30.) He claims he does not visit doctors in Fitzgerald because there are simply not many doctors in the area to choose from and he believes he would get better medical care in Jacksonville. (*Id.* at 128–29.) At least once, he visited a doctor in Thomasville, Georgia, because he "just was going to try to see a doctor closer to home," but he ended those visits. (*Id.* at 114.) He also briefly visited a physical therapist in Georgia. (*Id.* at 113.)

## **DISCUSSION**

There is no dispute that federal courts have limited subject matter jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). A federal district court may hear cases only for which there has been a constitutional and a congressional grant of jurisdiction. *Id.* at 1261. Congress has granted federal district courts jurisdiction to hear cases between "citizens of different States." 28 U.S.C. § 1332. A court may exercise diversity jurisdiction when (a) all of the plaintiffs are citizens of states different from the states where the defendants are citizens and (b) the amount in controversy exceeds $75,000. *Id.* "The party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). The Parties must be diverse at the time the plaintiff files the lawsuit. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam).

After a thorough review of the record and briefings, the Court finds that (1) Eastep's First Amended Complaint mooted Defendants' facial attack to the Court's jurisdiction and (2) Eastep was a Georgia citizen at the time he filed the lawsuit. The Court therefore denies Defendants' Motion to Dismiss.

## I. **Facial Attack to the Court's Jurisdiction.**

Defendants moved to dismiss Eastep's complaint because he failed to allege all of the Parties citizenship and the amount in controversy. Generally speaking, an amended complaint supersedes its predecessor and moots any attacks to the first complaint. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007); *Light for Life, Inc. v. Our Firm Found. for Koreans, Inc.*, No. 3:12-cv-38 (CAR), 2012 WL 4397421, at *3 (M.D. Ga. Sept. 24, 2012). Eastep, with the Court's leave, filed an amended complaint that superseded his first complaint. (Doc. 33.) Accordingly,

4

Defendants' arguments regarding the facial sufficiency of Eastep's jurisdictional allegations are **DENIED** without prejudice as moot.

## II. <u>Factual Attack to the Court's Jurisdiction</u>

Defendants argue Eastep is a Florida citizen because he did not evince intent to remain in Georgia indefinitely. In support of this argument, Defendants argue Eastep (1) did not relocate to Georgia voluntarily, but because of work; (2) that he gets medical care in Florida; (3) he drives back and forth between the states; and (4) he retained a Florida driver's license and registered a car in Florida. Viewed against other evidence, however, the Court finds Eastep has established, by a preponderance of the evidence, he was a Georgia citizen at the relevant times.

For diversity jurisdiction, citizenship is the same as domicile. *Postell v. Ryder Truck Rental, Inc.*, No. 12-14088, 2013 WL 1010292, at *2 (11th Cir. Mar. 15, 2013). A person is domiciled in the place he resides and intends to remain. *McCormick*, 239 F.3d at 1257. Stated another way, "domicile 'is the place of [a person's] true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *D.R. ex rel. Igles v. Grant*, 770 F. Supp. 2d 1337, 1344 (M.D. Ga. 2011) (quoting *McCormick*, 770 F. Supp. 2d at 1344). Natural persons, such as Eastep, have one domicile. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011).

Determining a party's intent requires courts to examine the totality of the circumstances. *Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006). Both objective factors and subjective statements are relevant. *Branch Banking & Trust Co. v. WCDM Dev., LP*, No. 5:11-cv-122 (MTT), 2012 WL 928696, at *2 (M.D. Ga. Mar. 19, 2012). Objective factors include, among other things, "payment of taxes, procurement of driver's license, exercise of voting rights, moving of personal belongings, ownership or

rental of property, location of family, [and] place of employment." *Duff v. Beaty*, 804 F. Supp. 332, 335 (N.D. Ga. 1992). A party's subjective statements are often given less weight, particularly when they conflict with objective evidence. *Molinos Valle Del Cibao, C. por A.*, 633 F.3d at 1342; *Duff*, 804 F. Supp. at 335.

The requisite intent requires the plaintiff to show he intended to stay in his new residence for an indefinite period of time. *McCormick*, 293 F.3d at 1257–58. But this does not mean he must intend to remain there forever or permanently. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972). It simply means the person has a fixed, present intent to stay for an indefinite period. *See Gilbert v. David*, 235 U.S. 561, 569 (1915). A floating intention to return someplace or a vague desire to someday live elsewhere will not defeat the creation of a new domicile. *Id.*; *Hardin v. McAvoy*, 216 F.2d 399, 402–03 (5th Cir. 1954).[1]

Courts in the Eleventh Circuit apply shifting burdens to determine domicile. *E.g.*, *Sprinkle v. Johnson*, No. 07-0713-WS-B, 2007 WL 4533046, at *3–4 (S.D. Ala. Dec. 19, 2007). The plaintiff, or the proponent of the court's jurisdiction, bears the initial burden of establishing diversity of citizenship. *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966). "However, once a plaintiff shows a former domicile, 'the presumption is that it continues to exist,' and the burden shifts to the defendant to present evidence that the domicile changed." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (quoting *Slaughter*, 359 F.2d at 955). The defendant can rebut this presumption by, for example, introducing evidence that the plaintiff lived elsewhere when he filed the complaint. *Id.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

There is ample evidence to establish Eastep was a Georgia citizen when he filed the lawsuit. There is no real dispute he resided in Georgia. Objective factors also show he intended to remain there. He rented a home in Fitzgerald and allowed the mortgagor to foreclose on his Florida townhouse. He moved most of his belongings to Fitzgerald. Eastep also opened a checking account with a Georgia bank that did not have Florida locations, paid taxes in Georgia, became a member of his union's Georgia branch, and attended a church in Georgia but not in Florida. His wife also moved to Georgia and found a new job.

That Eastep's employer may have required his relocation does not refute his intent to remain in Georgia indefinitely. Some courts have recognized that physical or legal compulsion to relocate creates a presumption against intent to create a new domicile. *E.g.*, *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973). Therefore, courts have often required additional showings from prisoners and service members to show they intended to remain at a new place indefinitely. *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) (prisoner); *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1248 (E.D. Ky. 2011) (service member). Some courts have also expressed skepticism of people who relocate to a new state for limited purposes or definite durations. 13E Charles Alan Wright *et al*, *Federal Practice and Procedure*, § 3613 (3d ed.). College students and people on temporary work assignments do not create a new domicile every time they move. *See Scoggins v. Pollock*, 727 F.2d 1025, 1026–28 (11th Cir. 1984) (graduate student). *But see Krasnov*, 465 F.2d at 1301 (holding that monk who took vows to go wherever his Order sent him took new domicile when he relocated).

But Eastep's relocation was neither compulsory nor of a fixed duration. CSX could not legally or physically require him to move. He moved to Georgia for an indefinite duration. Perhaps there was an ever-present possibility CSX would require

7

him to pack up and move. But nothing suggests that, when he filed the lawsuit, he had imminent plans to live anywhere other than Georgia. To the contrary, Eastep's wife found work in Georgia shortly after he filed the lawsuit. At the time of his deposition, Eastep was separated from his wife, unemployed, and lived in the same Georgia home he rented in 2009. This arrangement is inconsistent with someone who has no desire to remain in Georgia. And although events that occur after the lawsuit are not necessarily indicative of the relevant intent, *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966), they tend to support Eastep's general state of mind when he filed the lawsuit.

Eastep's driver's license, car registration, and doctor's visits also fail to show he was a Florida citizen. They are evidence to that effect. As numerous courts have held, however, possessing a driver's license and car registration from your state of citizenship are not necessary conditions to changing domicile. *Branch Banking & Trust Co.*, 2012 WL 928696, at *2; *Duff*, 804 F. Supp. at 336. No single factor is dispositive. Eastep's basic, everyday behavior far outweighs his representations, however unlawful, to the Florida Department of Motor Vehicles. Furthermore, even though Eastep often visited doctors in Florida, he testified he visited a physical therapist and neurologist in Georgia because they were closer to "home." Likewise, Eastep testified he found more doctors in Jacksonville, a city far bigger than Fitzgerald. Because his family and doctors are in Florida, it is not surprising that many of his damage witnesses are located there, too.

Eastep's subjective statements support the objective factors. Eastep often visits his family, but he prefers to live in Georgia because of the cost of living and his independence. He has also rejected his parents' offer for him to move to their home. Eastep's father also testified that his son does not live in their home and the family must make room for him during his visits.

At most, Eastep harbored a floating intention or vague desire to relocate. But the Supreme Court has held that such feelings do not defeat a finding of domicile. *Gilbert*, 235 U.S. at 569. Having established a domicile in Georgia, the burden shifted from Eastep to Defendants to rebut the presumption of continuing domicile. *King*, 505 F.3d at 1171. They have not rebutted that presumption. Even if they did, there was ample evidence Eastep resided and intended to remain in Georgia when he filed the lawsuit.

In summary, the Court finds Eastep was a Georgia citizen when he filed the lawsuit. Because there is no dispute all of the Defendants are domiciled in states other than Georgia, the Court has diversity jurisdiction over this case.

## CONCLUSION

For those reasons, Defendants' Motion to Dismiss (Doc. 23) is **DENIED**. The pending motions—Defendants' motion to stay discovery (Doc. 25) and Plaintiff's motion to strike (Doc. 37)—are **DENIED** as moot.

**SO ORDERED**, this  22nd  day of April 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**