IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| THOMAS EASTEP, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   Case No.: 1:12-cv-102 (WLS) |
| | : |
| JAMES EARL NEWMAN *et al*, | : |
| | : |
|     Defendants. | : |
| | : |

## ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment. (Doc. 50.) For the reasons that follow, Defendants' Motion is **DENIED**.

### PROCEDURAL and FACTUAL BACKGROUND

This is a personal injury case arising out of a railroad-crossing collision in Cordele, Georgia. Plaintiff Thomas Eastep (Eastep) is a former train conductor who brought suit against the owner, operator, and insurer of a semi-tractor trailer that collided with his freight train. He seeks damages for injuries arising from the incident and attorneys' fees.

The matter is before the Court on a motion for partial summary judgment. Defendants James Earl Newman, Schwend, Inc., and National Insurance Company (collectively, "Defendants") contend they are entitled to summary judgment on Eastep's claim for attorneys' fees. Per Defendants, the Georgia Code permits attorney's fees only in cases where the defendant "acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense," and they have done none of the above. Rather, Defendants assert they have resisted Eastep's demands because of a

bona fide dispute as to the amount of damages, which they claim precludes an award of fees as a matter of law.

In response, Eastep argues that Defendants' motion is based on a "false premise," because, under Georgia law, "'a jury may award attorney fees under O.C.G.A. § 13-6-11 if there is no bona fide controversy as to liability, even if there is a bona fide controversy as to damages.'" (Doc. 55 at 1 (quoting *Daniel v. Smith*, 266 Ga. App. 637, 641 (2004).) Eastep notes that Defendants disputed *all* liability, without any factual basis for doing so, until two days prior to the close of discovery. Therefore, even if there is a bona fide dispute as to damages, a jury could award attorney fees for the defendant's litigiousness on other aspects of the case.

The basic facts supporting these positions are the following. On July 20, 2010, Eastep was working on a train that was involved in a collision with a truck and trailer owned by Defendant Schwend and operated by Defendant Newman. After the collision, but before suit, Schwend paid for the damage caused to the train. There is no evidence Schwend refused to pay for those damages or denied responsibility.

On July 5, 2012, Eastep filed suit against Defendants. In a Second Amended Complaint, he seeks damages for injuries to his musculoskeletal system, for pain and suffering, and for harm to his future earnings. Eastep claims he has been unable to work since the accident. Defendants deny that Eastep was injured in any way from the accident. He has not looked for work or received a disability rating from any treating physician. Nor has Eastep asked any medical provider what jobs he can perform.

In his initial complaint, Eastep requested punitive damages. On April 26, 2013, the last day to amend pleadings, he dropped this claim and added a claim for attorney's fees. On May 24, 2013, in their First Amended Answer to Plaintiff's Second Amended Complaint, Defendants admitted liability. They did not admit liability to Eastep until two days prior to the close of discovery.

## DISCUSSION

The Court concludes Defendants' motion for partial summary judgment must be denied. This conclusion is compelled by Georgia law, which permits summary adjudication on stubborn litigiousness only in "rare case[s] where there [is] absolutely no evidence to support the award of expenses of litigation." *Brito v. Gomez Law Group, LLC*, 289 Ga. App. 625, 628 (2008). And by disputing all liability until two days prior to the close of discovery, Defendants created a jury question about whether they acted with stubborn litigiousness.

The Georgia Code permits attorney fees in cases where a defendant "has been stubbornly litigious." O.C.G.A. § 13-6-11. A plaintiff may recover fees for stubborn litigiousness "where the evidence reveals no bona fide controversy or dispute with regard to the defendant's liability." *Toncee, Inc. v. Thomas*, 219 Ga. App. 539, 542 (1995). Whether a defendant has been stubbornly litigious is a jury question. *Duffy Street S.R.O., Inc. v. Mobley*, 266 Ga. 849, 849 (1996). And it is for the trier of fact to determine the existence of a bona fide controversy. *Toncee*, 219 Ga. App. at 542. As previously explained, a court may usurp the jury's role "[o]nly in the rare case where there [is] absolutely no evidence" to support a claim for attorney fees. *Brito*, 289 Ga. App. at 628.

The exception to this rule, on which Defendants rely, is that stubborn litigiousness fails as a matter of law if a genuine dispute clearly exists between the parties. *Auto-Owners Ins. Co. v. Crawford*, 240 Ga. App. 748, 750 (1999). In support of this claim, Defendants cite the general proposition that "in a case where bad faith is not at issue, attorney fees are not authorized . . . if the evidence shows that a genuine dispute exists—whether of law or fact, on liability or amount of damages, or any comparable issue." *Backus Cadillac-Pontiac, Inc. v. Brown*, 185 Ga. App. 746, 747 (1988). On the back of that language, Defendants assert Eastep cannot recover fees because there is a dispute about damages.

But Defendant's argument ignores an important caveat to these principles—namely, that a genuine dispute about damages does not preclude attorney fees if the

3

defendant has been stubbornly litigious as to some other aspect of the case. *Daniel v. Smith*, 266 Ga. App. 637, 641 (2004). So, for example, in *Delta Air Lines, Inc. v. Isaacs*, 141 Ga. App. 209 (1977), the Court of Appeals of Georgia rejected a claim that the trial court improperly presented the question of attorney fees to the jury because "where a defendant has disclaimed all liability prior to litigation, the raising at trial of a dispute as to the amount of liability, without more, will not satisfy the bona fide controversy requirement," *id.* at 211. Likewise, in *Southern Railway Company v. Crowe*, 186 Ga. App. 255 (1988), the trial court did not err in presenting a claim for attorney fees to the jury where, like here, the defendant admitted liability shortly before trial and sought to litigate only the issue of damages. More recently, the Court of Appeals in *Kroger Company v. Walters*, 319 Ga. App. 52 (2012), held that a dispute as to causation and damages did not preclude fees because the defendant denied its negligence without the absence of a bona fide controversy on that question, *id.* at 57–58.

In this case, like in *Daniel* and *Crowe*, the defendants disputed *all* liability for almost the entire case, relenting a mere two days prior to the close of discovery, after the parties had expended resources in the heavy lifting of civil discovery. This was so despite any real dispute that Defendant Newman failed to yield at a railway crossing to an oncoming train. In fact, prior to suit, Defendants paid without question the damages to the train. Thus, drawing all reasonable inferences in favor of Eastep, a reasonable jury could find that even though there was no genuine dispute as to liability, Defendants forced Eastep to engage in unnecessary and costly discovery to substantiate Defendant Newman's negligence.

Despite their admission as to liability, Defendants argue that the use of discovery was nonetheless necessary to refute Eastep's claim for punitive damages and "to determine if there were enough facts to support their liability defenses." Defendants claim that allowing attorney fees would "punish" them for the standard use of discovery. These arguments are unpersuasive. Defendants did not unearth any evidence to show there was ever a doubt as to their liability. And whether Defendants'

4

discovery was "necessary" or "standard" is a quintessential jury question under Georgia law. Because there is some evidence to support the award—evidence the Court must construe in Eastep's favor—Defendants' motion must be denied.

## CONCLUSION

For those reasons, Defendant's Motion for Partial Summary Judgment is **DENIED**.

SO ORDERED, this  11th  day of December, 2013.

 /s/ W. Louis Sands                                         
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**