IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| THOMAS EASTEP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:12-cv-102 (WLS) |
| | : | |
| JAMES EARL NEWMAN *et al*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Before the Court is Defendants' Motion to Exclude Testimony of Francis W. Rushing, Ph.D. (Doc. 51.) For the reasons that follow, the motion is **DENIED**.

**PROCEDURAL and FACTUAL BACKGROUND**

This is a personal injury case arising out of a railroad-crossing collision in Cordele, Georgia. Plaintiff Thomas Eastep (Eastep) is a former train conductor who brought suit against the owner, operator, and insurer of a semi-tractor trailer that collided with his freight train. He seeks damages for injuries arising from the incident and attorneys' fees.

Defendants in this case—James Earl Newman, Schwend, Inc., and State National Insurance Company, Inc.—seek a court order excluding the testimony of Eastep's expert witness, Francis W. Rushing, Ph.D. Dr. Rushing is an economist who intends to testify that the value of Eastep's lost income due to the accident is $1,836,203. According to Dr. Rushing's expert report, this figure "assumes Mr. Eastep will not earn offsetting wages in alternative employment." Defendants argue the Court should use its gatekeeper function under the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude this testimony as lacking a reliable foun-

1

dation. In particular, Defendants contend that this opinion is based on false assumptions and facts because "[t]here is no evidence in the record that Mr. Eastep is permanently and totally disabled and thus incapable of any kind of work." Defendants also note that Dr. Rushing relied entirely on information from Plaintiff's counsel that Eastep could not work and did not independently review medical records or Eastep's deposition.

Eastep opposes the motion, primarily on the ground that Chief Judge Royal rejected a similar argument in *Ortiz v. Wiwi*, No. 3:11-cv-33, 2012 WL 4482367, at *5 (M.D. Ga. Sept. 26, 2012). He argues that excluding Dr. Rushing's testimony would be premature because no evidence has been heard and the record does not show that his assumptions are unsupported or factually contradicted. Additionally, he notes that evidence in the record does support the conclusion that he is unable to work.

## DISCUSSION

The Court holds that Dr. Rushing's testimony is admissible under *Daubert* case law and the Federal Rules of Evidence. Because Dr. Rushing's opinion has a sufficient factual basis, Defendants' arguments go to the weight of his testimony, not its admissibility. The Court likewise rejects the idea that Dr. Rushing's testimony is unreliable because his source of information is the plaintiff's counsel.

Federal Rule of Evidence 702 sets the standard for admissibility of expert opinions:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This rule contemplates that the Court will act as a gatekeeper to the admission of scientific evidence. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). In that function, the Court must engage in a three-part inquiry, as follows:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).

With regard to reliability, the Supreme Court in *Daubert* instructed district courts to consider a number of factors, including "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002) (citing *Daubert*, 509 U.S. at 593–94).

But "although 'rulings on admissibility under *Daubert* inherently require the trial court to conduct an exacting analysis of the proffered expert's methodology,' . . . it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (citation omitted). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595. In other words, *Daubert* does not supplant the role of the jury. *Maiz v. Virani*, 253 F.3d 641, 666 (11th Cir. 2001).

Consequently, district courts do not exclude expert testimony simply because they find one version of the facts more persuasive than another. *See* Fed. R. Evid. 702, advisory committee notes ("The emphasis in the amendment on 'sufficient facts or data'

3

is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other."). Expert testimony must amount to more than "guess or speculation," but "where the expert testimony has a reasonable factual basis, a court should not exclude it. Rather, it is for opposing counsel to inquire into the expert's factual basis." *United States v. 0.161 Acres of Land*, 837 F.2d 1036, 1040 (11th Cir. 1988) (citation omitted).

The record in this case provided a sufficient foundation for Eastep's counsel and Dr. Rushing to assume that Eastep will not earn any offsetting income. Whether that is a sound assumption is a matter best left to cross-examination. Eastep testified during his deposition that he experienced severe pain throughout the day, standing or sitting. He also felt he could no longer perform any physical work. At least one treating physician told Eastep that he could no longer work as train conductor. Eastep also stated in an affidavit that he has been unable to work since the accident and has not tried to find work. That there is evidence to the contrary, or that the evidence came from a biased source, goes to the testimony's weight, not to its admissibility. *E.g., Ortiz v. Wiwi*, No. 3:11-cv-33, 2012 WL 4482367, at *5 (M.D. Ga. Sept. 26, 2012) (collecting cases). But this is not a case where the record is "utterly barren" of evidence or the expert's assumption is refuted by the entire record. *See Quinones-Pacheco v. American Airlines, Inc.*, 979 F.2d 1, 7 (1st Cir. 1992).

Although Defendants do not challenge any other aspects of Dr. Rushing's testimony, Eastep has nevertheless carried his burden of establishing that the testimony is otherwise reliable. Nothing in the record suggests the expert's opinions are anything but "the types of opinions that forensic economists commonly give." *Ortiz*, 2012 WL 4482367, at *5. Based on the expert report and accompanying documents, the Court is left with the conclusion that Dr. Rushing used the tools and methodologies commonplace and well accepted in his profession. And as already noted, the sources of his information and the presence of contrary evidence are proper subjects for cross-examination.

## CONCLUSION

For those reasons, Defendants' Motion to Exclude Testimony of Francis W. Rushing (Doc. 51) is **DENIED**.

**SO ORDERED**, this __20th__ day of December, 2013.

      __/s/ W. Louis Sands_____
      **W. LOUIS SANDS, JUDGE**
      **UNITED STATES DISTRICT COURT**